IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2012 JAN -3 P 2:00

JON A. SANFILIPPO
CLERK

IRVIN HANNIS CATLETT, JR.,

        PETITIONER

v.

CASE NO.: 12-C-0004

UNITED STATES OF AMERICA,

        RESPONDENT

## PETITION TO QUASH

Petitioner Irvin Hannis Catlett, Jr., Pro Se, pursuant to 26 U.S.C.S. Section 7602(a)(d)(d)(1)(2)(A)(i)(ii)(B)(1)(i)(ii)(iii) and 26 U.S.C.S. Section 7609(a)(1)(2)(A)(B)(C) moves this Court to quash IRS summons by C Schor, Revenue Officer whose address is 31 Hopkins Plaza, 10th Floor, Room 1000, Baltimore, Maryland served on GUARANTY BANK on the sixth day of December 2011 by United States mail. And in support thereof states as follows:

## JURISDICTIONAL STATEMENT

The summons herein was served by certified mail to the above named bank that is located in the EASTERN District of WISCONSIN and therefore pursuant to 26 U.S.C.S. Section 7609(h) the jurisdiction lies herein.

## MEMORANDUM OF LAW AND FACT IN SUPPORT OF PETITIONER'S PETITION TO QUASH SUMMONS

1. On 10/31/11 Petitioner received letter from Internal Revenue, Revenue Agent C. Schor sceduling a phone interview concerning five years of Petitioner's tax filings.

2. In the enclosures Mr. Schor asked Petitioner to provide thousands of documents regarding a phone audit interview set for 11/29/11.

3. On 11/02/11 Petitioner called Mr. Schor informing him that the IRS Task Force Re Maryland District Court Case No. RWT-10-CR-0101 has many of the documents that he requested.

4. Incarcerated Petitioner stated to Mr. Schor that he had none of these documents with him at his place of incarceration, Federal Medical Center, Devens.

5. On 11/29/11 Petitioner spoke with Mr. Schor for about fifty minutes by phone in an effort of cooperation.

6. Petitioner explained that because of Petitioner's incarceration state that he needed time to compile the records.

7. Petitioner also explained to Mr. Schor that Petitioner's judgment has been appealed and is currently under appeal (Exhibit A) and that most of the documents requested by Mr. Schor were either protected by the right of Fifth Amendment or time barred pursuant to Internal Revenue Section 6501.

8. On 12/06/11 Mr. Schor filed five summons that were served on Petitioner's banks. Attached as (Exhibit B) is the summons filed for which this action accrues.

9. On this 26 day of December, 2011, the Petitioner files this Petition to Quash pursuant to Section 7609(b) as to the summons served by mail on

GUARANTY BANK, 4000 WEST BROWN DEER ROAD, BROWN DEER,
WI 53209

10. That, that bank is found herein and jurisdiction pursuant to section 7609(h) is invoked.

11. This Petition to Quash is timely filed by certified mail and by being placed in the legal mail system at Federal Medical Center, Devens on this date.

12. That the Court must grant this Petition pursuant to Section 7602(c) and (d) which state:

(c) Notice of contact to third parties.
(1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than taxpayer may be made.
(2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.
(3) Exceptions. - This subsection shall not apply -
(A) to any contact which the taxpayer has authorized.
(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against and person, or
(C) with respect to any pending criminal investigation.
(d) No administrative summons where there is Justice Department referral. -
(1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.
(2) Justice Department referral in effect. - For purposes of this subsection -
(A) In general. - A justice Department referral is in effect with respect to any person if -
(i) the Attorney General notifies the Secretary in writing that a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or
(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
(B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when -

    (i) the Attorney General notifies the Secretary, in writing, that -
      (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws.
      (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
      (III) he will discontinue such a grand jury investigation.
    (ii) <u>a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person</u>, or
    (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

  13. The Justice Department referral is still active. The underlying criminal case is still active until the appeal has been settled.

  14. The offenses alleged by the Government were not concluded until February 2009. (Exhibit C).

  15. Petitioner is currently compiling for filing Petitioner's 2010 tax return and could not possibly be ripe for audit.

  16. The summons was issued for harassment and is barred by the aforementioned tax code and the Fourth and Fifth Amendments.

17. Summons should not be issued for improper purpose, such as to harass taxpayer, to put pressure on him to settle collateral dispute, or to achieve any other purpose reflecting on good faith of particular investigation. United States v. Powell (1964) 379 U.S. 48, 13 L fd 2d 112, 85 S. Ct. 248, 64-02 USTC¶9858, 14 AFTR 2d 5942.

  Summons must be issued only when it seeks information relevant to legitimate investigatory purpose and is not meant to harass taxpayer or to put pressure on him on him to settle collateral dispute, or for any other showing that defendants issued the summonses for an improper purpose, <u>such as to harass the taxpayers, to put pressure on them to settle a collateral dispute, or for any other purpose reflecting on the good faith of the investigation.</u>

  THEREFORE, Petitioner respectfully moves this Court to quash the underlying summons or, in the alternative, Order an Evidentiary Hearing to determine whether adequate cause exists or whether the Internal Revenue acted in bad faith.

                  Respectfully Submitted,

                  _____
                  Irvin Hannis Catlett, Jr.
                  # 50411037, Unit: H-A
                  Federal Medical Center, Devens
                  P.O. Box 879