# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

IRVIN HANNIS CATLETT, JR.,

    Petitioner,

v.                                                               Case No. 12-C-0004

UNITED STATES OF AMERICA,

    Respondent.

## DECISION AND ORDER

The petitioner, Irvin Hannis Catlett, Jr., is a federal prisoner. He has filed a petition to quash an Internal Revenue Service (IRS) summons that was served on Guaranty Bank on December 6, 2011. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. The case was assigned to the court according to the random assignment of civil cases pursuant to 28 U.S.C. §636(b)(1)(B) and General Local Rule 72 (E.D. Wis.), and the parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

This matter is now before the court on the petitioner's motion for leave to proceed in forma pauperis and for screening of his petition. Respondent United States of America has also filed a motion to dismiss the plaintiff's petition to quash.

## IN FORMA PAUPERIS AND SCREENING

The petitioner is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. The petitioner has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $60.27 and an additional partial filing fee of $10.52. The petitioner's motion for leave to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

On October 31, 2011, the petitioner received a letter from an IRS agent named Chaim Schor scheduling a phone interview for November 29, 2011, regarding five years of the petitioner's tax filings. In the letter, Mr. Schor asked for thousands of pages of documents in anticipation of the phone interview. The petitioner called Mr. Schor on November 2, 2011, and informed him that the IRS Task Force that worked on his criminal case in the United States District Court for the District of Maryland (Case No. RWT 10-CR-0101) and had many of the documents he requested. The petitioner also told Mr. Schor that he had none of the requested documents with him in prison.

On November 29, 2011, in an effort to cooperate with the investigation, the petitioner spoke with Mr. Schor on the telephone for about fifty minutes. The petitioner explained that he needed additional time to compile the records due to his incarceration. He also told Mr. Schor that his judgment has been appealed and, as a result of the ongoing criminal case, most of the documents Mr. Schor requested were either protected under the Fifth Amendment to the United States Constitution, or time barred pursuant to IRS § 6501.

On December 6, 2011, Mr. Schor filed five summons that were served on petitioner's banks, including Guaranty Bank in Brown Deer, Wisconsin. The petitioner seeks to quash the summons filed on Guaranty Bank pursuant to § 7609(b),

The petitioner contends that the summons Mr. Schor issued to Guaranty Bank is barred by the tax code and the Fourth and Fifth Amendments. He argues that:

> Summons must be issued only when it seeks information relevant to legitimate investigatory purpose and is not meant to harass taxpayer or to put pressure on him to settle collateral dispute, or for any other showing that defendants issued the summons for an improper purpose, <u>such as to harass the taxpayers, to put pressure on them to settle a collateral dispute, or for any other purpose reflecting on the good faith of the investigation</u>.

(Petition to Quash at 4) (emphasis in original). The petitioner asks the court to quash the underlying summons or, in the alternative, to hold an evidentiary hearing to determine whether adequate cause exists or whether the IRS has acted in bad faith.

In order to withstand a petition to quash an IRS summons, the government must establish a <u>prima facie</u> case that it issued the summons in good faith. <u>2121 Arlington Heights Corp. v. IRS</u>, 109 F.3d 1221, 1224 (7th Cir. 1997). To do this, the government only must show that "the investigation underlying the summons has a legitimate purpose; the information sought may be relevant to that purpose; and the IRS has followed the

- 3 -

statutory steps for issuing a summons." Id. Typically, the government makes that showing by means of an affidavit from the revenue agent conducting the audit. Id. Then the burden shifts to the petitioner to show that the government's issuance of the summons was an abuse of process, which the petitioner can do "either by disproving the existence of one of the Powell factors or pointing to specific facts suggesting that the IRS issued the summons in bad faith." Id. Given the government's burden in an action such as this, it follows that the court cannot dismiss the petition to quash at screening.

However, to the extent the petitioner seeks to assert claims under the Fourth and Fifth Amendments, the "Fifth Amendment privilege against compelled self discriminating testimony normally may only be asserted by the taxpayer himself. It is therefore inapplicable with regard to materials in the possession of third party recordkeepers. . .. " Dennis v. United States, 660 F. Supp. 870, 874 (C.D. Ill.1987) (citing Fisher v. United States, 425 U.S. 391 [1976], other citations omitted). "Furthermore, even if a third-party recordkeeper could assert a taxpayer's Fifth Amendment rights, the 'taxpayer cannot avoid compliance with the subpoena merely be asserting that the item of evidence which he is required to produce contains incriminatory writing . . . .'" Id. (quoting Fisher v. United States, 524 U.S. 391, 410 n.11 (1976)).

Similarly, a taxpayer's rights under the Fourth Amendment are not implicated by the compelled production of documents because the taxpayer has no legitimate expectation of privacy in the documents he knows must be disclosed in his tax returns. Dennis, 660 F. Supp. at 874 (citing United States v. Miller, 425 U.S. 435 [1976], other citations omitted). Therefore, the petitioner will not be permitted to proceed on his Fourth and Fifth Amendment claims. He may proceed on remaining grounds in his petition to quash.

- 4 -

**RESPONDENT'S MOTION TO DISMISS**

The respondent's motion to dismiss will be denied as premature. At the time the motion was filed, the court had not yet screened the petitioner's petition as required under §1915(a) and granted his motion for leave to proceed in forma pauperis. Moreover, the respondent had not been properly served, although the petitioner did mail a copy of his petition to quash to the United States Attorney's Office in this district with his petition.

Even if respondent had been properly served, the motion to dismiss filed is procedurally inadequate. Federal Rule of Civil Procedure 7(b)(1)(B) provides that a request for a court order must be made by motion and that the motion must "state with particularity the grounds for seeking the order." The respondent's motion to dismiss does not indicate the rule upon which the motion is predicated. Generally, motions to dismiss are based on one of the grounds enumerated in Federal Rule of Civil Procedure 12(b). It appears that the respondent's motion is brought under Rule 12(b)(6). However, the respondent relies in its motion on matters outside the pleadings, namely the Declaration of Chaim Schor. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Civil Local Rule 56 (E.D. Wis.) provides detailed instructions regarding the procedures that must be followed in cases involving pro se litigants. Additionally, at the outset of its motion, the respondent cites to an outdated local rule regarding briefing. The Civil Local Rules (E.D. Wis.) were amended on November 19, 2010. For the foregoing reasons, the motion to dismiss is denied.

- 5 -

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for leave to proceed in forma pauperis be and hereby is **granted** as stated herein. (Docket #3).

**IT IS FURTHER ORDERED** that respondent's motion to dismiss be and hereby is **denied**. (Docket # 9).

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the respondent pursuant to Federal Rule of Civil Procedure 4. The petitioner is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis petitioners are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the Bureau of Prisoners or its designee shall collect from the petitioner's prison trust account the $279.21 balance of the filing fee by collecting monthly payments from the petitioner's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the petitioner shall submit all correspondence and legal material to:

>Honorable Patricia J. Gorence
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The petitioner is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The petitioner also is advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus

affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 15th day of March, 2012.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge