UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IRVIN HANNIS CATLETT, JR.,

        Petitioner,

        v.                                Case No. 12-C-04

UNITED STATES OF AMERICA,

        Respondent.

## RESPONSE TO PETITION TO QUASH

The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Lisa T. Warwick, Assistant United States Attorney for said district, hereby respectfully submits its Response to Petitioner's Petition to Quash.

A.      Procedural Background and Facts

On January 3, 2012, Irvin Hannis Catlett, Jr., the Petitioner (hereinafter "Catlett" or "Petitioner"), filed the pending Petition to Quash (Docket No. 1) and on January 26, 2012, filed a Motion for Leave to Proceed *in forma pauperis*. (Docket No. 3). After the parties consented to the jurisdiction of a magistrate judge, the United States filed a Motion to Dismiss. (Docket No. 9).

On March 15, 2012, this Court issued its Decision and Order granting the Motion to Proceed *in forma pauperis*, denying the Motion to Dismiss as premature, and ordering the United States Marshall to serve a copy of the complaint, summons, and the Court's Order upon the respondent. (Docket No. 11).

Catlett seeks to quash an Internal Revenue Service ("IRS") summons served on Guaranty Bank on December 6, 2011. Catlett contends that the summons is barred by the tax code and the

Fourth and Fifth Amendments. This Court screened the petition to determine if the petitioner (in this case a federal prisoner) "has raised claims that are legally 'frivolous or malicious,' that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1951A(b)." (Docket No. 11, Decision and Order, p. 2). As a result of the screening process, the Court found that the Petitioner was precluded from proceeding on his Fourth and Fifth Amendment claims. *Id*. at p. 4. Catlett's remaining issues concern whether the summons was issued for harassment and whether the summons was barred by the tax code. As the IRS summons was issued for a proper purpose and served in accordance with 26 U.S.C. §§ 7602 and 7603, the pending Petition to Quash should be denied.

    B.    Argument

Section 7602(a) of the Internal Revenue Code grants the IRS the power to summon books, papers, records, or other data, to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability and to collect a taxpayer's tax liability. 26 U.S.C. ("I.R.C.") § 7602(a); *see also United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984) (describing the IRS's summons issuance authority as the "centerpiece" of the IRS's information-gathering tools); *Holefield v. United States,* 900 F.2d 201, 205 (7th Cir. 1990). The IRS lacks power to enforce its summons at its own behest. Instead, Sections 7402(b) and 7604 of the I.R.C. grant authority to United States district courts to issue orders compelling compliance with the IRS summonses. *United States v. Insurance Consultants of Knox, Inc.*, 187 F.3d 755, 758 (7th Cir. 1999).

Section 7609 is a detailed description of the procedures that apply to, and rights created by, issuance of a special category of summonses – third- party summonses – not directed at the taxpayer

2

in question, but at a third-party believed to be in possession of materials relevant to the taxpayer. One entitled to receive notice of a third-party summons, including the taxpayer at issue, may bring a proceeding to quash the summons. The "proceeding to quash" procedure, first enacted in 1982 as part of the Tax Equity and Fiscal Responsibility Act ("TEFRA"), was intended to provide some assurance that taxpayer interference with legitimate law enforcement efforts would be based on proper grounds and not merely interposed on frivolous grounds resulting in fruitless delays, as had frequently been the case before the passage of TEFRA. *See* S. Rep. No. 97-494, vol. 1, at 282, *reprinted in* 1982 U.S.C.C.A.N. 781, 1027; *Godwin v. United States*, 564 F. Supp. 1209, 1211-1212 (D. Del. 1983).

Catlett's Petition fails to set forth any allegations which would constitute a legally sufficient challenge or defense to the enforcement of the Guaranty Bank summons. Catlett argues that Section 7602 precludes either the issuance of a summons or the commencement of a proceeding to enforce it once a "Justice Department referral" is in effect with respect to the person whose liabilities are under investigation.[1] See *Kahn v. United States*, 548 F.3d 549 (7th Cir. 2008) (holding that §7602(d) applies to taxpayers under Justice Department referral, but not to third-parties under referral); *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) *(en banc)* ("[i]t is well established that the IRS is acting in bad faith if it pursues a summons enforcement after having already decided to make a recommendation for prosecution . . . . "). However, in evaluating the extent to which a referral overlaps with the topics inquired into by a summons, each taxable period and each tax imposed by a separate IRC chapter are treated separately. I.R.C. § 7602(d)(3); *United*

---

[1] In particular, Catlett asserts that even though the criminal referral he cites resulted in his present conviction, his ongoing appellate rights mean that the referral remains in existence.

3

*States v. Pittman*, 82 F.3d 152, 157 (7th Cir. 1996) (offenses related to taxes from different chapters of the IRC or offenses under different titles, such as Title 26 (taxes) and Title 31 (money laundering) are treated separately).

Catlett was convicted last year of several tax-related crimes (involving Catlett's liability for assisting in the preparation of false tax returns of others) and is serving a lengthy prison sentence. (Schor Declaration ¶¶ 4, 5).[2] The Guaranty Bank summons, however, is not related to Catlett's criminal conviction or the underlying criminal investigation that led to that conviction, but is instead part of a separate civil "closure" investigation aimed at determining Catlett's personal income tax liability. (*Id*. at ¶¶ 3, 5, and 7). As part of the civil closure investigation, Catlett identified five financial institutions that he had used and the IRS prepared and issued five IRS summonses, including one to Guaranty Bank. (*Id*. at ¶¶ 6, 7). Per the Revenue Agent, the IRS has a legitimate purpose for investigating Catlett's individual tax returns, as his returns appear to understate his tax liability. (*Id*. at ¶ 8.). No Justice Department referral was in effect with respect to Catlett as of the date of the December 6, 2011 summons, because the tax years relevant to the civil closure investigation are not and have not been in contention in the criminal prosecution that resulted in the criminal conviction against Catlett. (*Id*. at ¶ 12). Thus, the IRS is not precluded from issuing the summons as there is no Justice Department referral.

Finally, without any elaboration, Catlett argues that the summons was issued in violation of the tax code. The summons at issue is legally adequate under applicable standard and in order to analyze the summons, it is instructive to consider the summons in the context of an enforcement

---

[2] In support of the denial of the petition, attached hereto is the Declaration of Chaim Schor, a Revenue Agent employed in the Small Business/Self Employed Division of the Internal Revenue Service with a post of duty in Baltimore, Maryland.

4

action.  To obtain enforcement of an IRS summons, the government is required to make a *prima facie* case that it issued the summons in good faith based upon the facts enumerated in *United States v. Powell*, 379 U.S. 48, 57-58 (1964).  The burden of proof in making this *prima facie* case is considered to be "minimal,"and can be met with an affidavit or declaration from the agent responsible for issuance of the summons. *Arlington Heights Corp. v. I.R.S.*, 109 F.3d 1221, 1221 (7th Cir. 1997).  To establish a *prima facie* case for enforcement of an IRS summons, the government need only make a showing of four elements: (1) the IRS investigation is being conducted pursuant to a legitimate purpose; (2) the inquiry – that is, the information sought in the summons– may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *Powell*, 379 U.S. at 57-58; *Arlington Heights*, 109 F.3d at 1224.

In the present case all the *Powell* factors are met.  First, the IRS has a "legitimate purpose" for issuance of the Guaranty Bank Summons: to complete its civil determination of the proper amount of Catlett's personal liability for unpaid income taxes.  The summons is narrowly tailored toward this purpose and is not intended to harass Catlett as he alleges without substantiation.  Indeed, because the Internal Revenue Code specifically empowers the IRS to issue summonses, the mere issuance of one cannot be said to "harass" a taxpayer without more of a showing than Catlett has made.

Second, the requested materials are relevant to the civil closure investigation and the government's attempt to determine Catlett's existing tax liabilities.  The documents sought from the financial institution may reveal income or assets held by Catlett, but not declared in his tax returns

5

and thus will assist the IRS to achieve the purposes of Revenue Agent Schor's civil closure investigation. (Schor Decl. ¶¶ 9, 11).

Third, none of the materials requested by the Guaranty Bank Summons are in Revenue Agent Schor's possession and are not otherwise readily available from other sources. (Schor Decl. ¶ 10). It is therefore essential to the IRS's investigation that the requested materials be provided. Finally, as set forth in Schor's Declaration, the IRS correctly followed administrative procedures in issuing the summons to Catlett. (Schor Decl. ¶ 13). The summons was properly issued and served in accordance with 26 U.S.C. §§ 7602 and 7603.

C. Conclusion

The IRS issued the administrative summons to Guaranty Bank in good faith. *See 2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1224 (7th Cir. 1997). As noted herein and in the accompanying Declaration of Revenue Agent Schor, the investigation into Catlett's personal tax liability has a legitimate purpose, the information sought is relevant to that purpose and the IRS has properly followed the statutory steps for issuing the summons.

Based on the foregoing, this Court should deny Catlett's petition to quash.

Respectfully submitted this 15th day of May, 2012.

                                                JAMES L. SANTELLE
                                                United States Attorney

                             By:    /s/ Lisa T. Warwick

                                                LISA T. WARWICK
                                                Assistant United States Attorney
                                                Eastern District of Wisconsin
                                                517 E. Wisconsin Avenue
                                                Milwaukee, WI 53202
                                                State Bar No. 1017754
                                                (414)297-1700
                                                Facsimile: (414)297-4394
                                                lisa.warwick@usdoj.gov

Of Counsel:

BRIAN H. CORCORAN
U.S. Department of Justice, Tax Division
P.O. Box 7238
Washington, D.C. 20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
brian.h.corcoran@usdoj.gov

7